# EXHIBIT – B

# ASSIGNMENT OF CLAIMS AGREEMENT

This ASSIGNMENT OF CLAIMS AGREEMENT, dated as of August 23, 2021 (this "Agreement"), is entered into by and between Short Creek Advisors, LLC, a daughter series of Short Creek Capital, LLC, a Missouri series limited liability company (hereinafter referred to as "Assignee"), and the FI Missouri Remediation Trust (hereinafter referred to as "Assignor") acting through AELS Administrative Services, LLC, a Missouri limited liability company solely in its capacity as Trustee under the FI Missouri Remediation Trust. For purposes of this Agreement any party hereto may be referred to in the singular as a "party" or collectively as the "parties."

## RECITALS

**WHEREAS**, Assignor is a qualified settlement fund in accordance with Treasury Regulation §1.468B, existing and operating pursuant to the FI Missouri Remediation Trust Agreement dated April 30, 2004 (the "Trust Agreement");

**WHEREAS**, pursuant to the Trust Agreement, Assignor in performing its obligations under the Trust Agreement has undertaken and is undertaking activities in an effort to permanently remedy the presence of hazardous materials (the "Remedial Actions") in, at, on, underlying and emanating from certain real property commonly referred to as the Joplin, MO gyp stack, 301 State Line Avenue, Jasper County, Joplin, MO 64801 (the "Facility");

**WHEREAS**, pursuant to that certain Real Estate Purchase Agreement of even date herewith (the "REPA") Assignor agreed to assign, convey, sell and transfer to Assignee all of Assignor's right, title, interest and ownership in and to the Assigned Claims (as defined below) upon the REPA's Effective Date; and

**WHEREAS**, Assignor desires to assign, convey, sell and transfer the Assigned Claims to Assignee, and Assignee desires to acquire, purchase, receive and accept assignment of the Assigned Claims on the terms set forth herein.

## AGREEMENT

In consideration of the premises and the mutual covenants and the agreements herein set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

Section 1. Definitions. As used in this Agreement, the following terms have the meanings stated:

"Assigned Claims" means any and all past, present and future actions, causes of action, claims, interests and/or rights which Assignor has or may have against any Person relating to or arising under Environmental Laws and respecting Remedial Actions taken or to be taken in connection with the Facility.

1

"Environmental Laws" means any and all present and future federal, state and local laws, statutes, ordinances, regulations, policies, guidelines, decisions or orders and any other requirements of any governmental body governing the generation, storage, release, discharge, transportation, removal, remediation, reduction or disposal of hazardous or toxic materials, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended (CERCLA), 42 U.S.C. §§9601, *et seq.*, the Resource Conservation and Recovery Act, as amended (RCRA), 42 U.S.C. §§6901, *et seq.*, the Hazardous Materials Transportation Act, as amended, 49 U.S.C. §§1801, *et seq.*, the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§1251, *et seq.*, the Toxic Substance Control Act, as amended (TSCA), 15 U.S.C. §§9601, *et seq.*, the Endangered Species Act, as amended, the Clean Water Act, as amended, 33 U.S.C. §§1251, *et seq.*, the Occupational Safety and Health Act, as amended, the Emergency Planning and Community Right-to-Know Act of 1986 (EPCRTKA), 42 U.S.C. §§11001, *et seq.*, the Clean Air Act, 42 U.S.C. §§7401, *et seq.*, the Pollution Prevention Act of 1990, 42 U.S.C. §§13101, *et seq.*, and the applicable provisions of the Revised Statutes of Missouri (RSMo) Title XVI, Chapter 260, each as hereafter amended from time to time, and the present and future rules, regulations and guidance documents promulgated under any of the foregoing.

"Person" means an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body.

Section 2. Assignment. Subject to and in accordance with the terms of this Agreement, Assignor hereby irrevocably sells, conveys, transfers and assigns unto Assignee all of Assignor's right, title and interest in and to Assignor's Assigned Claims, and Assignee irrevocably accepts such sale, conveyance and transfer. This assignment shall be deemed an absolute and unconditional assignment of Assignor's Assigned Claims for the purpose of collection and satisfaction and shall not be deemed to create a security interest. Notwithstanding anything to the contrary in this Section 2, to the extent that Assignee fails to perform its indemnification obligations to the Indemnified Parties under the Settlement Agreement, Assignor may, in its absolute discretion, revoke the assignment to Assignee of any one or more of the Assignee's Assigned Claims.

Section 3. Mutual Representations and Warranties. Assignor hereby represents and warrants to Assignee, and Assignee hereby represents and warrants to Assignor as of the date of this Agreement that:

(a) it has full power and authority and has taken all action necessary to execute and deliver this Agreement and to fulfill its obligations hereunder and to consummate the transactions contemplated hereby;

(b) the making and performance by it of this Agreement does not and will not violate any law or regulation of the jurisdiction under which it exists, any other law applicable to it or any other agreement to which it is a party or by which it is bound;

2

(c) this Agreement has been duly and validly authorized, executed and delivered by it and is legal, valid, binding and enforceable against it in accordance with its terms except that the enforceability may be limited by bankruptcy, insolvency or laws governing creditors rights;

(d) any consent, approval, filing or corporate, partnership or other action required as a condition to or in connection with the execution, delivery and performance of this Agreement has been obtained; and

(e) Assignor and Assignee each has adequate information in order to make an informed decision regarding the sale and purchase of Assignor's Assigned Claims, and it has independently and without reliance on the other with respect to such information, and based on such information as each has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Section 4. Assignor Representations and Warranties. Assignor further represents and warrants to Assignee as of the date of this Agreement:

(a) Assignor has not previously sold, assigned or pledged Assignor's Assigned Claims, in whole or in part, to any Person;

(b) Assignor owns and has good and marketable title to Assignor's Assigned Claims, free and clear of any and all liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever; and

(c) no creditors of Assignor (including, but not limited to, sub-contractors or vendors to Assignor) have any grounds to assert an interest of any kind to any portion of Assignor's Assigned Claims.

Section 5. Acknowledgments.

(a) Each party acknowledges that (i) the other currently may have, and later may come into possession of, information about Assignor's Assigned Claims that is not known to it and that may be material to its decision respecting the Assignor's Assigned Claims and all related rights (as appropriate) (the "Excluded Information"), (ii) it has not requested the Excluded Information, and has agreed to proceed with this Agreement respecting the Assignor's Assigned Claims and all related rights (as appropriate) hereunder without receiving the Excluded Information, and (iii) the other party shall have no liability to it, and each party waives and releases any claims that it might have against the other party with respect to the nondisclosure of the Excluded Information; provided, however, that each party's Excluded Information shall not and does not affect the truth or accuracy of such party's representations or warranties in this Agreement.

(b) Each party acknowledges that, except as set forth in this Agreement, neither party nor any agent or representative of such party has made any representation whatsoever to the other regarding any other matter relating to the Assignor's Assigned Claims.

Section 6. Attorney-in-Fact; Settlement of Assignor's Assigned Claims; Further Actions. Assignor hereby irrevocably appoints Assignee as its true and lawful attorney-in-fact solely with

respect to Assignor's Assigned Claims, and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become due and payable for, or on account of Assignor's Assigned Claims. Assignor hereby grants unto Assignee full authority to do all things necessary to enforce Assignor's Assigned Claims and Assignor's rights thereunder. Assignor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of any Assignor's Assigned Claims. Notwithstanding anything to the contrary in this Section 6, to the extent that Assignee fails to perform its indemnification obligations to the Indemnified Parties under the Settlement Agreement, Assignor may, in its absolute discretion, revoke the appointment of Assignee as its attorney-in-fact with regard to any one or more of the Assignee's Assigned Claims.

Section 7. Jurisdiction. The laws of the State of Missouri shall govern this Agreement. Each party hereto submits to the jurisdiction of the courts located in the County of Jackson, State of Missouri and agrees that any litigation relating to this Agreement shall be brought only in such courts. Each party hereto consents to service of process by certified mail at its address listed herein and in any action hereunder, and each party hereto waives any right to demand a trial by jury. This Agreement may be executed by telecopy in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which together constitute one and the same instrument.

Section 8. Notices. All notices, requests, demands and other communications hereunder shall be deemed to be duly given if delivered by hand, if mailed by certified or registered mail with postage prepaid, if delivered by fax (with confirmation confirmed) or if sent by nationally recognized overnight courier as follows:

If to Assignor:

>   FI Missouri Remediation Trust
>   c/o AELS Administrative Services
>   8725 Rosehill Road, Suite 450
>   Lenexa, Kansas 66215
>   Attention: Kamyar Manesh
>   Fax: (913) 317-2660

>   *With copies to:*

>   AELS Administrative Services, LLC
>   4171 Essen Lane
>   Baton Rouge, Louisiana 70809
>   Fax: (225) 987-3221

4

If to Assignee:

> Short Creek Capital, LLC
> 5117 W. 164th Street
> Stilwell, KS 66085
> Attention: Aaron L. Bowers, Esq.
> Fax: (913) 433-7171

or to such other addresses as either party may provide to the other in writing.

All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth below, or such other address as may be furnished hereafter by notice in writing:

Section 9. Understanding. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter of this Agreement, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter of this Agreement except as specifically and expressly set forth herein.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this the 23rd day of August, 2021.

**ASSIGNOR:**

**FI MISSOURI REMEDIATION TRUST**
By: AELS Administrative Services LLC,
a Missouri limited liability company,
as Trustee

By: _____
Rick Faircloth, Vice President

**ASSIGNEE:**

**SHORT CREEK ADVISORS, LLC, a daughter series of Short Creek Capital, LLC, a Missouri series limited liability company**

By: _____
Aaron L. Bowers, Managing Member

If to Assignee:

> Short Creek Capital, LLC
> 5117 W. 164th Street
> Stilwell, KS 66085
> Attention: Aaron L. Bowers, Esq.
> Fax: (913) 433-7171

or to such other addresses as either party may provide to the other in writing.

All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth below, or such other address as may be furnished hereafter by notice in writing:

Section 9. Understanding. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter of this Agreement, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter of this Agreement except as specifically and expressly set forth herein.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of this the 23rd day of August, 2021.

**ASSIGNOR:**

**FI MISSOURI REMEDIATION TRUST**
By: AELS Administrative Services LLC,
a Missouri limited liability company,
as Trustee

By: _____

**ASSIGNEE:**

**SHORT CREEK ADVISORS, LLC, a daughter series of Short Creek Capital, LLC, a Missouri series limited liability company**

By: _____[signature]_____
Aaron L. Bowers, Managing Member