IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SHORT CREEK DEVELOPMENT, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 22-05021-CV-SW-WBG |
| MFA INCORPORATED, | ) ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION
FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORT,
AND (2) DENYING AS MOOT PLAINTIFFS' MOTION IN LIMINE**

Pending are Plaintiffs' Motion in Limine to Exclude Testimony from Defendant's Experts Regarding Divisible Causation (Doc. 79), and Defendant's Motion for Leave to Serve Supplemental Expert Report (Doc. 80). Both motions pertain to the report and potential trial testimony of Defendant's expert, Matthew Pasek, Ph.D.[1] Before addressing the substance of the pending motions, the Court provides some background information.[2]

### I. BACKGROUND

Relevant to the pending motions, Defendant timely disclosed Dr. Pasek as an expert and served his report. *See* Doc. 26; Docs. 40-41; Doc. 59-1 at 5; Doc. 59-5. During discovery, Plaintiffs chose not depose Dr. Pasek. *See* Doc. 40 (setting March 1, 2023 as the discovery deadline); Doc. 80 at 4; Doc. 81 at 6. On March 29, 2023, the parties filed summary judgment motions on Defendant's

---

[1] Plaintiffs' motion seeks to preclude any of Defendant's experts from testifying about divisible causation. *See* Doc. 79. In its response, Defendant generally references its experts but specifically mentions Dr. Pasek's report with respect to divisible causation. Doc. 81 at 3. Therefore, the Court limits its discussion to Dr. Pasek's report.

[2] The background information provided herein is limited to the issues raised in the pending motions. Additional background information is included in the Court's August 4, 2023 Order. *See* Doc. 75 at 1-4.

divisibility of harm affirmative defense. Docs. 59-60. Both parties' summary judgment motions relied, in part, on Dr. Pasek's report. *See* Doc. 59-1 at 5, 8; Doc. 61 at 3, 6, 13-14.

On August 4, 2023, the Court denied both parties' requests to enter summary judgment on Defendant's divisibility of harm defense. Doc. 75 at 5-13. Among other things, the Court noted there were facts in dispute, including competing expert opinions and whether the timing and/or volume of phosphogypsum result in divisible environmental harms. *Id*. at 12-13. The Court also observed the record was not fully developed concerning certain aspects of the phosphogypsum generated by each entity. *Id*. at 13. Thus, the Court found neither Plaintiffs nor Defendant met the burden of demonstrating the absence of a genuine issue of fact for summary judgment purposes as to whether or not the environmental harm is capable of apportionment. *Id*.

## II. PENDING MOTIONS

On August 11, 2023, Plaintiffs filed a motion in limine seeking to prelude Defendant's experts from providing trial testimony about divisible causation because Defendant did not designate an expert or serve an expert report on divisible causation. Doc. 79 at 2-5. They maintain Defendant's experts' reports do not mention "apportionment or divisibility," discuss Defendant's relative contribution to the harm, or opine on the correlation between the amount of phosphogypsum Defendant contributed and the harm. *Id*. at 3-4. Thus, Plaintiffs argue Defendant should not be permitted to introduce expert testimony on divisible causation. *Id*. at 3-5.

On August 17, 2023, Defendant moved for leave to serve a supplemental report from Dr. Pasek. Doc. 80.[3] According to Defendant, Dr. Pasek's supplemental report will complete the opinions in his January 31, 2023 report and:

> provides additional detail and clarifies the discussion on the effect of time on phosphogypsum, including the changes in components and the resulting harm; the effect of time, and changes in components and the resulting harm of the Gypstack

---

[3] In compliance with Local Rule 15(a)(2), Defendant attached the proposed supplemental expert report to its motion. *See* Doc. 80-1.

relative to MFA and FCC, to address more clearly "the amount, timing, and age of the phosphogypsum generated by MFA and FCC, and the resulting environmental harm," (id. at 9), and "the relative toxicity, interaction with other substances, migratory potential, and decay."

Doc. 80 at 3 (quoting Doc. 75 at 9, 13). Without these additions, Defendant argues Dr. Pasek's report "will be incomplete and contain omissions." *Id*. Defendant concedes the supplemental information was not "made known to Plaintiffs during the discovery process or in writing." *Id*. However, it contends the supplemental report is timely and will not prejudice Plaintiffs. *Id*. at 4. In addition, Defendant agrees to make Dr. Pasek available for deposition prior to trial. *Id*.

Both parties filed suggestions in opposition to the pending motions. *See* Docs. 81, 90. Defendant filed a reply in further support of its motion. *See* Doc. 94.

## III.   DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT

### A.   Duty to Supplement

Pursuant to the Federal Rules of Civil Procedure, parties have a duty to "supplement" or "correct" any disclosure made under Rule 26(a). Fed. R. Civ. P. 26(e)(1). Specific to expert reports disclosed pursuant to Rule 26(a)(2)(B), a party has a "duty to supplement . . . information included in the report." Fed. R. Civ. P. 26(a)(2)(E), 26(e)(2). Additions and/or changes to information in an expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) pretrial disclosures include witness lists, exhibit lists, and deposition designations. Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii). Unless otherwise ordered by the Court, these pretrial disclosures are due thirty days before trial. Fed. R. Civ. P. 26(a)(3)(B).[4]

On August 17, 2023, thirteen days after the Court issued its rulings on the parties' summary judgment motions and in response to the Court's observation that the summary judgment record was

---

[4] Plaintiffs argue Local Rule 37.1, which requires the parties to meet and confer before seeking court intervention with a discovery dispute, applies to Defendant's motion, and Defendant failed to comply with the Local Rule's requirements. Doc. 90 at 1-2. The Court believes Local Rule 37.1 does not apply to this particular circumstance. *See also Kirk v. Schaeffler Grp. USA, Inc.*, No. 13-05032-CV-SW-DGK, 2015 WL 12600341, at *5 (W.D. Mo. June 15, 2015).

3

incomplete, Defendant sought leave to serve Dr. Pasek's supplemental report. The proposed supplemental report provides additional information about environmental concerns associated with phosphogypsum, the chemical composition of phosphogypsum, and attenuation. Doc. 80-1 at 6-7, 20-27, 31.[5] Pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure, Dr. Pasek is obligated to supplement his report if the expert becomes aware of additional information or changes to the information therein.

While the additional information must be provided, it must be timely disclosed. Contrary to Defendant's representation, the proposed supplemental expert report was not entirely timely. Here, the Court directed the parties to file deposition designations fourteen days before the pretrial conference and submit exhibit and witness lists seven days before the pretrial conference. Doc. 26 at 5-6.[6] While the proposed supplemental expert report was submitted (along with Defendant's pending motion) before the parties' witness and exhibit lists were due, it was provided six days after the parties' deposition designations were due. *See id.*; *see also* Doc. 80. Because Rule 26(a)(3) defines pretrial disclosures to include deposition designations, Defendant's supplemental expert report was not timely provided as required by the Federal Rules of Civil Procedure and the Court's Scheduling and Trial Order.

**B.    Substantial Justification or Harmlessness**

If a party fails to timely provide information required by Rule 26(a) or 26(e), the party will not be permitted to use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of the foregoing sanction, the Court may, among other things, order the offending party to pay reasonable expenses or impose other appropriate

---

[5] Dr. Pasek's overall opinions, as best the Court can discern, remain unchanged from his original report. *Compare* Doc. 59-5 *with* Doc. 80-1.

[6] Because the pretrial conference was scheduled for August 25, 2023, deposition designations were due August 11, 2023, and exhibit and witness lists were due August 18, 2023. Doc. 26 at 4-6.

sanctions. *Id*. To determine whether a Rule 26 violation is justified or harmless, courts consider several factors including (1) prejudice or surprise to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent to which allowing the supplemental information would disrupt the trial, and (4) the moving party's bad faith or willfulness. *See Roderick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citation omitted).

If the Court were to grant Defendant's motion for leave to supplement Dr. Pasek's report, any prejudice to Plaintiffs could be cured, and the trial would not be disrupted. Specifically, Defendant has offered to make Dr. Pasek available for deposition. Moreover, Plaintiffs' expert could be given the opportunity to supplement his report, and his deposition could be reopened with respect to the supplemental portions of his report. To this end, counsel for both parties agreed during the pretrial conference that it was feasible for these events to take place before the trial commences on October 2, 2023. Finally, there is no indication that Defendant engaged in bad faith or willfully withheld or belatedly provided the supplemental information. When weighing these factors, the Court finds Defendant's slightly belated request to supplement its expert's report was substantially justified and harmless.

Accordingly, the Court **GRANTS** Defendant's request for leave supplement its expert report. By no later than two business days after this Order is issued, Defendant shall serve its supplemental expert report. If Plaintiffs wish to depose Dr. Pasek, Plaintiffs' counsel shall make the request immediately. Dr. Pasek shall make himself available for a deposition by no later than September 15, 2023. If Plaintiffs' expert, Adam Love, Ph.D., intends to supplement his report in response to the supplemental information provided by Dr. Pasek, his supplemental expert report shall be served by no later than September 22, 2023. If Defendant wishes to reopen Dr. Love's deposition for the limited purpose of inquiring about the supplemental portions of his report, Defendant's counsel shall make

the request immediately. Dr. Love shall make himself available for a deposition during the week of September 25, 2023.[7]

## IV. PLAINTIFFS' MOTION IN LIMINE

In light of the Court's ruling on Defendant's motion, Plaintiffs' Motion in Limine, which sought to preclude Defendant's experts, including Dr. Pasek, from testifying about divisibility of harm, is rendered moot. Therefore, the Court **DENIES AS MOOT** Plaintiffs' motion.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Leave to Serve Supplemental Expert Report and **DENIES AS MOOT** Plaintiffs' Motion in Limine.

**IT IS SO ORDERED.**

DATE: August 31, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ W. Brian Gaddy_
　　　　　　　　　　　　　　　　　　　　　　　　　　W. BRIAN GADDY
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[7] The parties are welcome to meet and confer and mutually agree to dates different from the dates outlined by the Court. However, the supplemental reports must be served and depositions must be concluded by no later than September 29, 2023.